PEOPLE, Respondent, v. JEPTHA MARCH, Appellant.

No. 711; September 22, 1855.

**Jury.—By Expressly Waiving a Juryman's Incompetency**, as being nonresident of the county, a person under trial for crime would be conferring jurisdiction by consent, which cannot be done.

APPEAL from Ninth District, Shasta County.

Attorney General for respondent; Crocker & Robinson for appellant.

MURRAY, C. J.—The first section of an act concerning jurors passed May 3, 1852, provides that "A person shall not be competent to act as a juror, unless he be first a citizen of the United States; second, an elector of the county in which he is returned, etc."

On the trial of this cause in the court below one of the jurymen stated in his examination that he was not an elector of the county. The prisoner, however, accepted him as a juror, waiving this objection. The incompetency of this juror is now assigned as a ground of error, and is, in our opinion, the only debatable question raised by the record. It has been always held in civil cases that a party may waive all errors, and that his consent will be binding upon him, except when the jurisdiction of the court or tribunal is drawn in question (for in such cases it is uniformly held that consent cannot confer jurisdiction); but the law lays down a different rule in criminal prosecutions, and its humane intendments are in favor of the accused.

In criminal cases, particularly those amounting to felony, the better opinion is that nothing is to be presumed against the criminal, and that he is not to be considered as having waived any right unless the same should affirmatively appear. It is now to be considered whether a person charged with felony can waive any of these constitutional rights provided for his protection and safety. The constitution of the United States, as well as the constitution of California, guarantees to every man the right of jury trial. To the legislature of every state belongs the power of defining the qualifi-

cations of every juror. Now, the legislature having acted in this behalf and affixed certain qualifications, it may well be asked if a party tried by a jury composed of persons not possessing those qualifications is bound by the verdict. This is answered by repeated adjudications, in which it has been held that nonage, unsound mind, bias and alienage were sufficient to vitiate the verdict. In these cases, so far as they have come under my knowledge, the consent of the accused has never been presumed, except from the fact of his want of objection; but if the verdict would be bad in these cases, and that, too, where the general rule is that failure of the party to except is considered a waiver, how could it be said to be any more conclusive upon him in a case of express waiver than one in which the law implies a waiver from his silence? We have held that a party cannot voluntarily submit himself to a criminal trial; that in such cases the tribunals of the country have no jurisdiction over him, because they can only proceed in a given direction and in conformity to the practice and the law. If this be so, how can a party consent to be tried by a jury composed of men whom the law has said are disqualified from acting in that capacity? And how can his consent make a man a juror and confer on him certain rights of which the law has devested him? Suppose that one of the jurors had been under age, would the acceptance of him by the accused have made him a qualified juror in despite of the statute? Or if one of the jurors had been a female, or a person of unsound mind, or an unnaturalized foreigner, would anyone have doubted that such person was incompetent? The court or prosecuting officer would, on its own motion, have excluded such person from the jury-box. The right of the prisoner is to be tried by a jury. A jury is composed of a certain number of persons possessing certain qualifications, without which there can be no legally constituted jury, and the prisoner can no more waive a legal jury and consent to be tried by incompetent men than he could submit to be tried by the court without a jury.

Judgment reversed and new trial ordered.

We concur: Heydenfeldt, J.; Bryan, J.